```
 1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
    David W. Quinto (Bar No. 106232)
 2  davidquinto@quinnemanuel.com
    Ben Everard (Bar No. 266799)
 3  beneverard@quinnemanuel.com
    865 South Figueroa Street, 10th Floor
 4  Los Angeles, California 90017-2543
    Telephone:  (213) 443-3000
 5  Facsimile:   (213) 443-3100

 6  Attorneys for Plaintiff and Counterclaim Defendant,
    VALUE HOME AUCTIONS, INC.
 7
    FOX ROTHSCHILD LLP
 8  James E. Doroshow (Bar No. 112920)
    jdoroshow@foxrothschild.com
 9  Jeffrey S. Kravitz (Bar No. 66481)
    jskravitz@foxrothschild.com
10  1800 Century Park East, Suite 300
    Los Angeles, California 90067
11  Telephone:  (310) 598-4150
    Facsimile:   (310) 556-9828
12
    Attorneys for Defendant and Counterclaim Plaintiff,
13  X-WIRE TECHNOLOGIES, INC.,
    and Defendants JOY VALENTINE
14  and ROBERT AMICO.
```

16            UNITED STATES DISTRICT COURT

17             CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALUE HOME AUCTIONS, INC., | Case No. SACV 10-0153-AG-RNB |
| Plaintiff, | **STIPULATION AND** [PROPOSED] **PROTECTIVE ORDER** |
| vs. | |
| X-WIRE TECHNOLOGIES | |
| Defendant. | |
| AND RELATED COUNTERCLAIMS. | |

27       Pursuant to Fed. R. Civ. P. 26(c) and the Local Rules of this Court, and in
28  order to facilitate discovery and, particularly, to facilitate the exchange during

---

1

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

LA1 47170v1 06/29/10

1  discovery of documents, information or other materials which may contain or
2  relate to confidential, proprietary or trade secret information of another party or of
3  a third party, Plaintiff and Counterclaim Defendant Value Home Auctions, Inc.
4  ("VHA") and Defendant and Counterclaim Plaintiff X-Wire Technologies, Inc.
5  ("X-Wire") and Defendants Joy Valentine ("Valentine") and Robert Amico
6  ("Amico," and collectively with VHA, X-Wire and Valentine, the "Parties") have
7  agreed to this Protective Order on the terms set forth below.
8        IT IS HEREBY STIPULATED that:
9        1.   This Order shall apply to all information produced during discovery or
10 submitted in proceedings in this action, including information produced as an
11 initial disclosure or for purposes of mediation or arbitration, that shall be
12 designated by the party or person producing it (the "Producing Party") as
13 "Confidential" or "Confidential-Attorneys' Eyes Only" (collectively, "Confidential
14 Information").  This Order shall not apply to information that, before disclosure, is
15 properly in the possession or knowledge of the party to whom such disclosure is
16 made (the "Receiving Party"), or is public knowledge, nor shall this Order apply to
17 evidence presented at court hearings or proceedings.  The restrictions contained in
18 this Order shall not apply to information that is, or after disclosure becomes, public
19 knowledge other than by an act or omission of the party to whom such disclosure is
20 made, or that is legitimately acquired from a source not subject to this Order.
21       2.   Good cause exists for this Court to enter the Order.  In the course of
22 pre-trial discovery disclosure has been sought of technical, marketing, personnel,
23 and financial information that contains highly confidential, trade secret, or
24 proprietary information of the parties, which the parties have taken reasonable
25 steps to maintain as confidential.  For example, through document requests and
26 interrogatories, the parties have already sought discovery from one another in this
27 case that requires the parties to disclose information relating to highly confidential
28 technical product and software specifications and data; confidential business

1  relationships with third parties; and detailed product cost, sales, and profitability
2  information.  Such information is maintained confidentially by each of the parties,
3  and the parties believe that its disclosure beyond the limits set forth herein would
4  substantially injure the disclosing party and provide a significant competitive
5  advantage for competitors of the parties (including the receiving party), if such
6  competitors had access to the Confidential Information identified above.
7        3.    If an exhibit, pleading, interrogatory answer, or admission
8  (collectively, "discovery response"), document or thing (collectively, "document or
9  thing"), or a deposition transcript, other transcript of testimony, or declaration or
10 affidavit (collectively, "testimony") contains information considered confidential
11 by the disclosing party, such exhibit, pleading, discovery response, document or
12 thing, or testimony may be designated "Confidential" or "Confidential-Attorneys'
13 Eyes Only" by the disclosing party.  This Order shall not apply to evidence
14 presented at court hearings or proceedings.
15       4.    In connection with an exhibit, pleading, discovery response, document
16 or thing, testimony or other court submission, the legend "Confidential" or
17 "Confidential-Attorneys' Eyes Only" (in such a manner as will not interfere with
18 the legibility thereof) shall be affixed before the production or service upon a
19 party.
20       5.    A document may be designated "Confidential" only when it contains,
21 reflects, or otherwise discloses a trade secret or other research, development,
22 commercial, marketing, technical, business, financial, personnel, customer or other
23 information that the disclosing party has made reasonable efforts to maintain as
24 confidential and protect against disclosure to improper third parties.  A document
25 may be designated "Confidential-Attorneys' Eyes Only" only when it contains any
26 of the following highly sensitive information: financial information; cost
27 information; pricing information; sales information; customer, license, supplier,
28 and vendor information; software and firmware for a party's products; technical

and development information about a party's products, including but not limited to a product's dimensions or manufacturing tolerances; comparative product test results; business plans; marketing strategies; new product plans and competitive strategies; or any other information that would put the producing party at a competitive disadvantage if the information became known to employees of the receiving party or if the information became known to third parties beyond the restrictions set forth herein.

6. All Confidential Information (i.e., "Confidential" and/or "Confidential-Attorneys' Eyes Only" information) that has been obtained from a party during the course of this proceeding shall be used only for the purpose of this litigation (including, without limitation, appeals and proceedings to enforce subpoenas issued in connection with this litigation) and not for any other business, proceeding, litigation, or other purpose. Further, such information may not be disclosed to anyone except as provided in this Order. Counsel for a party may give advice and opinions to their client based on evaluation of information designated as Confidential Information produced by the other party. For information designated "Confidential-Attorneys' Eyes Only," such rendering of advice and opinions shall not reveal the content of such information except by prior written agreement with opposing counsel.

7. All documents, or any portion thereof, produced for inspection only (i.e., copies have not yet been provided to the receiving party) shall be deemed "Confidential-Attorneys' Eyes Only." If a copy of any such document is requested after inspection, the document shall be deemed "Confidential" or "Confidential-Attorneys' Eyes Only" only if labeled or marked in conformity with Paragraph 3, with access and dissemination limited as set forth in Paragraphs 12-15.

8. Information disclosed at a deposition may be designated as "Confidential" or "Confidential-Attorneys' Eyes Only" at the time of the deposition, or within fourteen (14) days following receipt of the transcript, and

shall be subject to the provisions of this Order.  Information disclosed during a deposition may be designated as "Confidential" or "Confidential-Attorneys' Eyes Only" by notifying the other party, in writing, within fourteen (14) days after receipt of the transcript, of the specific pages of the transcript that should also be so designated.  Unless otherwise agreed on the record of the deposition, all transcripts shall be treated as "Confidential-Attorneys' Eyes Only" for a period of fourteen (14) days after their receipt, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to Paragraphs 13-15 to review documents or materials designated "Confidential-Attorneys' Eyes Only" on behalf of that nondesignating party.

9.   In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential" or "Confidential – Attorneys' Eyes Only," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

10.   As used in this Protective Order, "Trial Counsel" refers exclusively to attorneys of record in this action and their paralegals, agents, and support staff, together with John Madden, Esq., general counsel to VHA.  "Trial Counsel" may refer to additional attorneys that enter their appearance in this matter for any existing or additional party, or as may be ordered by the Court, or subsequently may be agreed upon by the parties, such agreement not to be unreasonably withheld.

11.   Material designated as "Confidential" that has been obtained from a party during the course of this proceeding may be disclosed or made available only to the Court, to Trial Counsel for either party, and to the persons designated below

provided that such persons who are included in categories (a), (b), (e), and (i) below agree in writing to be bound by the provisions of this order and to keep all materials so disclosed strictly confidential and not to disclose any such material to anyone not otherwise specifically authorized to review the material as provided immediately below, and subject to Paragraphs 13, 14 and 15 hereof:

    (a) a party, or an officer, director, or designated employee of a party, deemed necessary by Trial Counsel to aid in the prosecution, defense, or settlement of this action;

    (b) independent experts or consultants (together with their clerical staff) retained by such Trial Counsel to assist in the prosecution, defense, or settlement of this action;

    (c) court reporter(s) employed in this action;

    (d) agents of Trial Counsel needed to perform various services such as, for example, copying, drafting of exhibits, and support and management services, including vendors retained by the parties, or by counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designated Confidential;

    (e) witnesses in any deposition or other proceeding of this action;

    (f) Judges, Magistrates, law clerks and other clerical personnel of the Court before which this action is pending;

    (g) members of the jury and alternates;

    (h) courtroom spectators at hearings and trial as may be deemed appropriate by the Court; and

    (i) any other persons as to whom the parties in writing agree.

6
STIPULATION AND [PROPOSED] PROTECTIVE ORDER
LA1 47170v1 06/29/10

12. Material designated as "Confidential-Attorneys' Eyes Only" that has been obtained from the producing party or parties during the course of this proceeding may be disclosed or made available only to the Court, to Trial Counsel for either party, and to the persons designated below provided that such persons who are included in categories (a), (b), (e), and (i) below agree in writing to be bound by the provisions of this order and to keep all materials so disclosed highly confidential and not to disclose any such material to anyone not otherwise specifically authorized to review the material as provided immediately below and subject to Paragraphs 13, 14 and 15 hereof:

(a) independent experts or consultants (together with their clerical staff) retained by such Trial Counsel to assist in the prosecution, defense, or settlement of this action;

(b) authors and original recipients of any material bearing a "Confidential-Attorneys' Eyes Only" legend;

(c) court reporter(s) employed in this action;

(d) agents of Trial Counsel needed to perform various services such as, for example, copying, drafting of exhibits, and support and management services, including vendors retained by the parties, or by counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designated Confidential-Attorney Eyes Only;

(e) witnesses in any deposition or other proceeding in this action who are the author or recipient of the "Confidential-Attorney Eyes Only" material, or who, based on evidence, have seen the material in the past;

(f) Judges, Magistrates, law clerks and other clerical personnel of the Court before which this action is pending;

      (g) members of the jury and alternates;

      (h) court room spectators at hearings and trial as may be deemed appropriate by the Court; and

      (i) any other persons as to whom the parties in writing agree.

13. Any officer, director, or designated employee of a party under Paragraph 11(a) and all individuals identified under Paragraphs 11(b), (e) and (i) and Paragraphs 12(a), (b), (e) and (i) having access to Confidential Information shall be given a copy of this order before being shown such Confidential Information, and its provisions shall be explained to them by an attorney. Each such person, before having access to the Confidential Information, shall agree not to disclose to anyone any Confidential Information not exempted by this order and not to make use of any such Confidential Information other than solely for purpose of this litigation, and shall acknowledge in writing by signing a document in the form of Exhibit A attached hereto, that he or she is fully conversant with the terms of this Order and agrees to comply with it and be bound by it. Witnesses being shown Confidential Information at a deposition shall not be allowed to retain copies of the Confidential Information. However, a witness who was shown Confidential Information during a deposition may review the Confidential Information while reviewing his or her transcript, provided that any Confidential Information is not retained by the witness after he or she has completed his or her review of the transcript for accuracy.

14. For the purpose of this Protective Order an independent expert or consultant shall be defined as a person, who has not been and is not an employee of a party or scheduled to become an employee in the future, and who is retained or employed as a consultant or expert for purposes of this litigation, either full or part-time, by or at the direction of counsel of a party.

15. No expert shall receive Confidential Information unless and until:

    (i) any such expert, consultant and/or consulting firm has signed an undertaking in the form of the attached Exhibit A;

    (ii) a copy of the signed undertaking, a curriculum vitae of the proposed consultant, an identification of any past or present employment or consulting relationship with any party or any related company, and a description of each employment or consulting engagement during the past five years is served on all counsel of record at least ten (10) court days before the confidential discovery material is shown to such consultant; and

    (iii) no party objects in writing to such disclosure within those at least ten (10) days.

  If any such objection is made, it must be in writing and for good cause, and must state the reasons for such objection; thereafter, no disclosure of confidential discovery material shall be made to that consultant as to material produced by the objecting party until the matter is resolved by the Court or upon agreement of the parties. If the objection is not resolved by the parties, the objecting party has 15 court days from the time the materials referenced in (ii) are served to raise its objections to the Court. If an objection is made and the objecting party fails to bring the objections before the Court within the previously described fifteen (15) court days, the receiving party may show the objecting party's confidential information to its consultant, and the objecting party will be deemed to have waived its objections.

  16. Any Confidential Information may be used in the course of any deposition taken of the party producing such Confidential Information or its employees without consent, or otherwise used in any deposition with the consent of the party producing such Confidential Information, subject to the condition that when such Confidential Information is so used, the party who made the designation may notify the reporter that the portion of the deposition in any way pertaining to such Confidential Information or any portion of the deposition relevant thereto is

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
LA1 47170v1 06/29/10

being taken pursuant to this Order. Further, whenever any Confidential Information is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person not entitled to receive such confidential information pursuant to the terms of this Order.

17. In the event that a party seeks discovery from a non-party to this action, the non-party may invoke the terms of this Order with respect to any Confidential Information provided to the parties by the non-party by so advising all parties in this suit in writing. Any non-party that discloses Confidential Information under this Order shall be entitled to the rights of a party under this Protective Order with respect to those produced materials. To protect its own Confidential Information, a party may ask a non-party to execute a document in the form of Exhibit A.

18. If any Confidential Information that has been obtained from a party during the course of this proceeding is sought in a separate proceeding by a request for production of documents, interrogatory, or any other form of discovery request or compulsory process other than a lawful subpoena, including any form of discovery request or compulsory process of any court, administrative or legislative body or any other person or tribunal purporting to have authority to seek such information by compulsory process or discovery request, including private parties, then the party or Trial Counsel to whom the process or request is directed ("the receiving party") shall:

(i) by the third business day after receipt thereof, or the earliest practicable date thereafter, give written notice by hand or facsimile or email of such process or request, together with a copy thereof, to counsel for the party from which the Confidential Information was obtained ("the producing party"); and

(ii) object to the process or request, if requested to do so by the producing party.

The producing party shall indemnify the receiving party for all expenses, including attorneys' fees, reasonably incurred in resisting production.

19.  A receiving party who objects to the designation of any discovery response, document, or thing or testimony as "Confidential" or "Confidential-Attorneys' Eyes Only" shall state the objection by letter to counsel for the producing party.  The parties shall make a good faith effort to avoid the Court's involvement to resolve such disputes.  If the objection is not resolved within ten (10) days of the receipt of such objection, the receiving party may move the Court to determine whether the discovery response, document, or thing or testimony at issue qualifies for treatment as "Confidential" or "Confidential-Attorneys' Eyes Only."  If the receiving party files such a motion, the discovery response, document, or thing or testimony at issue will continue to be entitled to the protections accorded by this Stipulated Protective Order until and unless the Court rules otherwise.  If the receiving party files such a motion, the producing party shall bear the burden of establishing that the discovery response, document, or thing or testimony at issue qualifies for treatment as "Confidential" or "Confidential-Attorneys' Eyes Only."  Any motion challenging a designation shall be in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).  Nothing herein shall operate as an admission by any party that any particular discovery response, document, or thing or testimony contains "Confidential" or "Confidential-Attorneys' Eyes Only" Information for purposes of determining the merits of the claims in this litigation.  A party shall not be obligated to challenge the propriety of the designation of any discovery response, document, or thing or testimony at the time such designation is made; failure to do so shall not preclude a subsequent challenge.  Further, a party's failure to challenge a designation during pretrial discovery shall not preclude a subsequent challenge of such designation at trial or in connection with the submission of any discovery response, document, or thing or testimony to the Court for any purpose.

20. Notwithstanding anything contrary herein, if a party through inadvertence or mistake produces discovery of any Confidential Information without marking it with the legend "Confidential" or "Confidential-Attorneys' Eyes Only," or by designating it with an incorrect level of confidentiality, the producing party may give written notice to the receiving party that the exhibit, pleading, discovery response, document or thing, or testimony contains Confidential Information and should be treated as such in accordance with the provisions of this Protective Order.  Upon receipt of such notice, and upon receipt of properly marked materials, the receiving party shall return said unmarked or improperly marked materials and not retain copies thereof, and must treat such exhibits, pleadings, discovery responses, documents or things, or testimony as Confidential Information and shall cooperate in restoring the confidentiality of such Confidential Information.  The inadvertent or unintentional disclosure by a party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the non-producing party is notified and properly marked documents are supplied as provided herein.  The receiving party shall not be responsible for the disclosure or other distribution of belatedly designated Confidential Information that may occur before the receipt of such notification of a claim of confidentiality and such disclosure or distribution shall not be deemed to be a violation of this Protective Order, yet the receiving party must take reasonable steps to retrieve the Confidential Information.

21. Documents and things produced or made available for inspection may be subject to redaction, in good faith by the producing party, of sensitive material that is neither relevant to the subject of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, or is subject to the attorney-client

privilege or to work-product immunity.  Each such redaction, regardless of size, will be clearly labeled.  This paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information.

22. If information subject to a claim of attorney-client privilege or work-product immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such claim.  If a party has inadvertently produced information subject to a claim of immunity or privilege, upon request, such information shall be returned promptly and, if a document, all copies of that document shall be destroyed.  The party returning such information may move the Court for an Order compelling production of such information but the motion shall not assert as a ground for production the fact that the information was inadvertently produced.

23. Any privileged communication that occurs solely between all or some of the following individuals does not need to be logged by the party on its privilege log:

    (a) the party;

    (b) its Trial Counsel as provided in Paragraph 11 of this Order; and

    (c) experts and consultants retained by the party or its counsel specifically for the present litigation.

The omission of any such communication from a party's privilege log will not constitute a waiver of any privilege.  The parties, however, reserve their right to seek a log of any such communication if a party later reasonably believes that such information would be probative.

24. It is not the intention of this Protective Order to address fully discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product, nor to preclude either party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

25. Neither the taking or the failure to take any action to enforce the provisions of this Order, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any signatory's right to seek and obtain protection or relief, with respect to any claim or defense in this action or any other action including, but not limited to, the claim or defense that any information is or is not proprietary to any party, is or is not entitled to particular protection or that such information embodies trade secret or other confidential information of any party. The procedures set forth herein shall not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets or other confidential information claims, nor shall it relieve a party of the necessity of proper responses to discovery requests.

26. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party to this Order, as to any third party, with respect to any Confidential Information. The fact that Information is designated "Confidential" or "Confidential-Attorneys' Eyes Only" under this Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Order shall be without prejudice to the right of any party to bring before the Court the question of:

    (a) whether any particular information is or is not Confidential Information;

    (b) whether any particular information is or is not entitled to a greater or lesser degree of protection than provided hereunder; or

    (c) whether any particular information is or is not relevant to any issue in this case; provided that in doing so the party complies with the foregoing procedures.

27. Within thirty (30) days following the conclusion of this litigation, including the exhaustion of all appeals, all information designated as Confidential Information, except such documents or information which incorporate or are

incorporated into attorney work product (a single copy of which may be retained in counsel's file), shall, upon request, be returned to the producing party, or disposed of pursuant to the instructions of the producing party.

28. The restrictions provided for above shall not terminate upon the conclusion of this lawsuit, but shall continue until further order of this Court.

This Stipulated Protective Order is without prejudice to the right of a party hereto to seek relief from the Court, upon good cause shown, from any of the provisions or restrictions provided herein, including seeking modifications to the Protective Order that may broaden or restrict the rights of access to and use of the protected materials.

IT IS SO STIPULATED:

Respectfully submitted,

Dated: June __, 2010    QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: _____
David W. Quinto
Attorneys for Plaintiff and Counterclaim Defendant, Value Home Auctions, Inc.

Dated: June 28, 2010    FOX ROTHSCHILD LLP

By: _____
James E. Doroshow
Jeffrey S. Kravitz
Attorneys for Defendant and Counterclaim Plaintiff, X-Wire Technologies, Inc., and Defendants Joy Valentine and Robert Amico

IT IS SO ORDERED.

Dated: July 1, 2010    BY THE COURT:

_____
Hon. Robert N. Block
U.S. Magistrate Judge

15
STIPULATION AND [PROPOSED] PROTECTIVE ORDER
LA1 47170v1 06/29/10

# EXHIBIT A

## ACKNOWLEDGMENT AND NONDISCLOSURE AGREEMENT

I hereby certify (i) my understanding that Confidential Information including materials designated as "Confidential" or "Confidential-Attorneys' Eyes Only" are being provided to me pursuant to the terms and restrictions of the Protective Order (the "Order") entered by the United States District Court for the Central District of California (the "District Court") in this civil action (*Value Home Auctions, Inc. v. X-Wire Technologies, Inc., et al.*, No. CV 10-0153-AG (RNBx)), and (ii) that I have read and understand the Order.  I covenant that any "Confidential" or "Confidential-Attorneys' Eyes Only" information or materials shall be used by me solely for the purpose of this action and not for any competitive purpose, and I will not disclose such information to any other persons except as permitted by the Order.  I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of this District Court for purposes of enforcement of the Order.  I understand that violation of the Order may be punishable by contempt of Court.

Dated: _____

Signature: _____

Name: _____

Address: _____
_____
_____